# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2011

No. 10-50526
Summary Calendar

Lyle W. Cayce
Clerk

CLARE BETH MOORE,

Plaintiff-Appellant,

versus

NATHANIEL QUARTERMAN, Director,
Texas Department of Criminal Justice, Correctional Institutions Division;
WARDEN GILBERT CAMPUZANO; BRUCE ARMSTRONG; L. S. CARMONA;
RITA THOMAS; ANGELA BURDETTE;
JUDY SCOTT, Warden, Lane Murray Unit; LORI L. WILLS;
MAJOR SUZANNE HENSON, Major, Lane Murray Unit;
CAPTAIN JANET SHEDD;
SYLVIA STOKES, Lane Murray Craft Shop Supervisor,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:08-CV-205

No. 10-50526

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Clare Moore moves to proceed *in forma pauperis* ("IFP") on appeal of the dismissal of her 42 U.S.C. § 1983 complaint. By filing such a motion, Moore is challenging the district court's certification, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In her complaint, Moore alleged that the defendants conspired with prisoners and guards at the Lane Murray Unit of the Texas Department of Criminal Justice ("TDCJ") to retaliate against her for exercising her First Amendment right to seek redress of grievances and her Sixth Amendment right of access to the courts; that TDCJ officials had retaliated against her for those same reasons by denying her a legal lockbox; and that TDCJ officials were conspiring to deprive prisoners of adequate sleep. The district court dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) after determining that Moore's allegations, considered individually, failed to state a claim upon which relief could be granted, and, considered as a whole, were so fantastic that they rose to the level of frivolousness. If a district court dismisses a complaint both as frivolous and for failing to state a claim, this court reviews the decision *de novo*. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

In her IFP motion, Moore reiterates the merits of her § 1983 claims. She provides no argument to controvert the district court's determination that she failed to allege a claim of conspiracy or retaliation upon which relief could be granted. Nor has she controverted the determination that her allegations were so fanciful as to be plainly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50526

(1992); *Jones v. Greninger,* 188 F.3d 322, 324-25 (5th Cir. 1999); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).  Moreover, she has not shown that the district court erred by denying leave to amend her complaint to raise additional claims of conspiracy and retaliation.  Any amendment would have been futile. *See Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010).  We will not consider Moore's claim that she is currently being denied access to the courts, because it was not raised in the district court.  *See id.* at 569-70.

Moore has not demonstrated that she will raise a nonfrivolous issue on appeal.  *See* § 1915(a); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, the motion to proceed IFP is DENIED.  Because the appeal is frivolous, it is DISMISSED.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

At the time Moore filed her motion to proceed IFP on appeal, she had accumulated one strike for purposes of § 1915(g) based on the dismissal of a civil rights action for failure to state a claim upon which relief could be granted.  *See Moore v. Scott*, No. 6:00-CV-309, at 1 (W.D. Tex. Dec. 3, 2001).  The district court's dismissal of the instant case as frivolous and for failure to state a claim counts as an additional strike for purposes of § 1915(g), as does this court's dismissal of this appeal as frivolous.  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Because Moore now has accumulated at least three strikes for purposes of § 1915(g), she hereby is barred from proceeding IFP in any civil action or appeal filed while she is in prison unless she "is under imminent danger of serious physical injury."  § 1915(g).